**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

VITAL PHARMACEUTICALS, INC., d/b/a
BANG ENERGY,

    Plaintiff,

    v.                                                                          Case No. _____

NORTHEAST BEVERAGE CORP.
OF CONNECTICUT,

    Defendant.                                       /

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Vital Pharmaceuticals, Inc., d/b/a Bang Energy ("VPX" or "Plaintiff"), states as follows for its Complaint against Defendant Northeast Beverage Corp. of Connecticut ("Northeast Beverage" or "Defendant"):

**NATURE OF THIS ACTION**

1. Defendant is a sophisticated business entity engaged in the wholesale distribution of beverage products including, among others, certain energy drinks manufactured by VPX such as REDLINE® and BANG®.

2. Defendant entered into a contract with VPX that governed its relationship with VPX. Among other things, Defendant's contract included: (1) a Florida choice of law and venue provision; and (2) a provision allowing VPX to terminate the existing relationship without cause by paying a substantial buyout based on the Defendant's past year of sales.

3. VPX recently initiated the process to terminate its current relationship with Defendant, and stands prepared to honor and pay Defendant's buyout. But Defendant insists that Rhode Island and Connecticut law applies to its relationship with VPX, that VPX cannot terminate it without cause, and that it is entitled to damages due to purported violations of Connecticut's

1

duty of good faith and fair dealing and the Rhode Island Dealership Preservation & Protection Act, 6 R.I. Gen. Laws §§ 54.1 *et seq.* (the "Act"), far in excess of the contractual buyout to which it agreed.

4. Defendant's arguments are irreconcilable with the written contract it signed, and VPX brings this action to hold Defendant to its obligations. VPX seeks a declaration of the parties' rights and obligations under Defendant's Distributor Agreement, including declarations that: (1) Defendant's Distributor Agreement is enforceable as written; (2) Florida law governs VPX's relationship with Defendant; (3) VPX was and is permitted to terminate its current relationship with Defendant without cause; (4) Defendant is entitled to no compensation beyond the contractually-defined buyout; (5) Rhode Island's Act does not apply nor does Connecticut law; and (6) alternatively, if the Court determines that Rhode Island or Connecticut laws do apply, that VPX has not violated either.

## THE PARTIES

5. VPX is a Florida corporation with its principal office located at 1600 N. Park Drive, Weston, FL 33326, and is therefore a citizen of Florida.

6. Northeast Beverage is a Connecticut corporation with its principal office located at 32 Robinson Boulevard, Orange, Connecticut 06477, and therefore is a citizen of Connecticut.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, *et seq*.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The parties to this action are diverse, in that VPX is a citizen of Florida and Northeast Beverage is a citizen of Connecticut. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, because Defendant claims to be owed in excess of $2,157,000 as a result of

VPX's decision to terminate Defendant's distribution of BANG® branded products and seeks damages under the Act, if it applies, well in excess of the jurisdictional limits.

9. Venue is proper in this Court because, under Defendant's Distributor Agreement, Defendant contractually agreed Florida law shall govern all issues relating to the agreement and irrevocably agreed any legal action, suit, or proceeding arising out of or in connection with the Distributor Agreement, the transactions contemplated thereby, or disputes relating thereto, shall be brought exclusively in the State or Federal courts located in Broward County, Florida. Defendant expressly waived any jurisdictional objections to litigating in this Court. *See* Exhibit A, §§ 8.10 and 8.11. Venue is also proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

10. VPX is a manufacturer of fitness-focused nutritional supplements and energy drinks, which have been sold over time under various brands including REDLINE® and BANG®. Each VPX product brand is made up of a variety of energy drink products.

11. VPX sells its products internationally and nationwide. To do so, it has relied in part on independent wholesale distributors to sell and distribute its products to retail resellers.

12. On May 30, 2019, VPX and Northeast Beverage entered into a Distributor Agreement whereby Northeast Beverage agreed to serve as a VPX wholesale distributor in four Connecticut counties (the "Agreement"). A true and accurate copy of the Agreement is attached as Exhibit A.

13. Section 3.3 of the Agreement expressly allows VPX to terminate the relationship without cause upon payment of a contractually-defined buyout that is based on the Defendant's sales of VPX products within the preceding 12 months:

> Manufacturer may terminate this Agreement without cause at any time, in its sole discretion, by buying out Distributor's rights. The fair compensation to be paid to Distributor in the event Manufacturer opts to exercise its buyout right hereunder

shall be the product of multiplying: (a) the number of standard unit cases of Manufacturer's Products sold by Distributor in the 12-month period immediately preceding notice of Manufacturer's exercise of its buyout right hereunder if the Agreement has been in effect for a full 12 months or the number of cases that the Distributor has resold during the time that the Agreement has been in effect if the Agreement has been in effect for less than 12 months, whichever is shorter; and (b) $4.00 per 12-count case of BANG® sold, $8.00 per 23-count case of BANG® sold, and $6.00 per case of Redline® sold. This buyout sum shall be paid to Distributor within two (2) months after Manufacturer sends written notice that it is exercising its buyout right hereunder. Within 30 days after Manufacturer sends the notice of buyout, Distributor shall provide to Manufacturer a detailed accounting of its resales, along with proof of the resales in the form of monthly depletion reports. Failure to timely provide Manufacturer with a detailed accounting, along with sufficient proof of resales will cause Distributor to delay the buyout. If Distributor provides a sufficient accounting and proof of resales, upon Manufacturers sending of payment of the substantiated price, this Agreement shall be deemed canceled. Time is of the essence.

Exhibit A, § 3.3.

14. In May 2020, VPX initiated the process to terminate its existing relationship with Defendant without cause. VPX stands ready to honor its own contractual obligations by paying the contractually-defined buyout.

15. Defendant, however, has taken a position that is completely irreconcilable with the Agreement it signed. Specifically, Defendant argues Connecticut and Rhode Island law apply and that VPX cannot terminate the Agreement without cause. As a result of this flawed conclusion, Defendant claims to be entitled to damages that far exceed the buyout provision contained in the Agreement.

16. Defendant is a sophisticated business entity that distributes multiple brands of beverages beyond the BANG® and REDLINE® products, with decades of beverage distribution experience, operating across Connecticut and Rhode Island. Defendant knew and understood the contents of the Agreement it signed. It must be held to the terms of those contracts.

## COUNT ONE: DECLARATORY JUDGMENT

17. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

18. An actual controversy exists as to whether: (a) Defendant's Agreement is enforceable according to its terms; (b) Florida, Connecticut, and/or Rhode Island law applies to the Agreement or distributor relationship; (c) the Agreement permits VPX to terminate Defendant without cause by paying the contractually-defined buyout; and (d) VPX provided reasonable notice and has terminated the Agreement effective June 17, 2020.

19. VPX desires a judicial determination of its right to terminate its relationship with Defendant.

20. A judicial declaration is necessary and appropriate at this time under the circumstances in order that VPX may ascertain and understand its rights and obligations, as well as the rights of Defendant with respect to the Agreement.

21. A judicial determination at this time will lessen the financial and other burdens incurred by VPX and will correct Defendant's flawed and disingenuous contentions about the parties' rights and duties.

22. Pursuant to 28 U.S.C. § 2201, this Court is authorized to adjudicate and decide the parties' respective rights and obligations and to determine, under Florida law, that VPX is permitted to terminate its relationship with Defendant without cause, that VPX owes no compensation to Defendant beyond the contractually-defined buyout, and that Connecticut and Rhode Island law—including the Act—are inapplicable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Vital Pharmaceuticals, Inc., d/b/a Bang Energy, respectfully requests judgment and relief against Defendant, as follows:

A. A declaration by this Court finding:

   i. The Defendant's Distributor Agreement is enforceable as written and governs the relationship between VPX and Defendant;

   ii. Florida law governs Defendant's Distributor Agreement and the Defendant's relationship with VPX;

   iii. Connecticut law is not applicable to Defendant's Distributor Agreement or to Defendant's relationship with VPX;

   iv. Rhode Island law is not applicable to Defendant's Distributor Agreement or to Defendant's relationship with VPX and Defendant is not entitled to the protections or remedies of the Rhode Island Dealership Preservation & Protection Act, 6 R.I. Gen. Laws §§ 54.1 *et seq.*;

   v. VPX is contractually permitted to terminate its relationship with Defendant without cause and did so on reasonable notice effective June 17, 2020; and

   vi. Defendant is not entitled to any compensation from VPX for the termination without cause beyond the contractually-defined buyout as set forth in their Distributor Agreement.

B. A final judgment awarding Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, such other and further relief as the Court deems necessary and just and consistent with the parties' contracts.

Dated: July 22, 2020

/s/*Zachary S. Foster*
Zachary S. Foster
Florida Bar No. 111980
**QUARLES & BRADY LLP**
101 E. Kennedy Blvd.,
Suite 3400
Tampa, Florida 33602
Telephone: (813) 387-0300
Fax: (813) 387-1800
Zachary.Foster@quarles.com

and

Francis Massabki
Florida Bar No. 687901
Vital Pharmaceuticals, Inc.
1600 North Park Drive
Weston, FL 33326
Telephone: (954) 641-0570
Fax:  (954) 389-6254
frank.massabki@vpxsports.com

*Attorneys for Plaintiff*
*Vital Pharmaceuticals, Inc.*